**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JP Morgan Chase Bank, N.A., | ) | No. CV-10-785-PHX-MHM |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| Home Loan Network Corporation, | ) | |
| Defendant. | ) | |
| _____ | ) | |

   This case comes before the undersigned United States Magistrate Judge on Plaintiff's request for a telephonic hearing regarding its desire to vacate the October 6, 2010 settlement conference. Plaintiff JP Morgan Chase Bank is represented telephonically by counsel, Jeffrey R. Simmons. Defendant Home Loan Network is represented telephonically by counsel, Renee B Gerstman. Court reporter is not present.

   On June 24, 2010, the assigned District Judge, the Honorable Mary H. Murguia, referred this case to the undersigned for purposes of conducting a Settlement Conference. (Doc. 23) As directed by Judge Murguia, a settlement conference was scheduled before the undersigned on October 6, 2010 at 2:00 p.m. (Doc. 24)

   After reviewing several issues with both counsel, it is clear to the Court and Plaintiff that conducting a settlement conference at this time would be a futile act resulting in an economic waste of time, limited resources and inconsistent with Rule 1, Fed.R.Civ.P.

Federal Rule of Civil Procedure 1 provides that the federal civil procedural "rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Rule 1, Fed.R.Civ.P.  Although the law favors the voluntary settlement of civil suits, *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 722 F.2d 988, 997 (2d Cir. 1983), it does not sanction efforts by trial judges to effectuate settlements through coercion. *Del Rio v. Northern Blower Co.*, 574 F.2d 23, 26 (1st Cir. 1978) (citing *Wolff v. Laverne, Inc.*, 17 A.D.2d 213, 233 N.Y.S.2d 555 (1962)). In *Wolff*, cited with approval in *Del Rio*, *supra*, the Court said:

> We view with disfavor all pressure tactics whether directly or obliquely, to coerce settlement by litigants and their counsel. Failure to concur in what the Justice presiding may consider an adequate settlement should not result in an imposition upon a litigant or his counsel, who reject it, of any retributive sanctions not specifically authorized by law.

233 N.Y.S.2d at 557.  In short, pressure tactics to coerce settlement for an amount less than a party is willing to receive or for more than a party is willing or able to pay is simply not permissible. *Schunk v. Schunk*, 84 A.D.2d 904, 905, 446 N.Y.S.2d 672 (1981); *Chomski v. Alston Cab Co.*, 32 A.D.2d 627, 299 N.Y.S.2d 896 (1969). "The judge must not compel agreement by arbitrary use of his power and the attorney must not meekly submit to a judge's suggestion, though it be strongly urged." *Brooks v. Great Atlantic & Pacific Tea Co.*, 92 F.2d 794, 796 (9th Cir. 1937).

District courts are specifically empowered to conduct settlement conferences under the Rules of Civil Procedure and 28 U.S.C. § 473(b)(5).[1] Rule 16(c)(2)(I)

---

[1] The Civil Justice Reform Act of 1990 provides that each United States district court must develop a civil justice expense and delay reduction plan which facilitates the deliberate adjudication of civil cases on the merits, monitors discovery, improves litigation management, and ensures the just, speedy, and inexpensive resolutions of civil disputes. See, 28 U.S.C. § 471 *et seq*.

Section 473(b) provides, in part:

b) In formulating the provisions of its civil justice expense and delay reduction

- 2 -

1 expressly authorizes a district or magistrate judge to "take appropriate action on . . .
2 settling the case and using special procedures to assist in resolving the dispute when
3 authorized by statute or local rule." Rule 16(c)(2)(I). A settlement conference "was not
4 designed as a means for clubbing the parties - or one of them - into an involuntary
5 compromise." *Kothe v. Smith*, 771 F.2d 667, 669 (2nd Cir. 1985). The purpose of Rule
6 16, Fed.R.Civ.P., is not "to impose settlement negotiations on unwilling litigants."
7 Fed.R.Civ.P. 16, Advisory Committee Notes; *In re Novak*, 932 F.2d 1397, 1405 n. 15
8 (11th Cir. 1991).

9        In this Judge's opinion, it is unreasonable to force a party to incur un-
10 necessary attorneys' fees and travel expenses to participate in a settlement conference in
11 Phoenix knowing in advance that the adverse party is adamant that it will not, or can not,
12 pay a certain monetary amount to settle this case. The Court concludes that conducting a
13 settlement conference at this time in this case would be a futile act resulting in an
14 economic waste of time and limited resources. When and if the parties stipulate and agree
15 that conducting a settlement conference may be helpful to voluntarily resolve all or some
16 of the issues in dispute, both counsel need only file a stipulation setting forth the parties'
17 agreement, timely provide the undersigned's chambers with a copy of the stipulation per
18 LRCiv 40.2(d), and a settlement conference will be reset before the undersigned.

---

> plan, each United States district court, in consultation with an advisory group appointed under section 478 of this title, shall consider and may include the following litigation management and cost and delay reduction techniques:
> \*   \*   \*   \*   \*   \*
> (5) a requirement that, upon notice by the court, representatives of the parties *with authority to bind them in settlement discussions be present* or available by telephone during any settlement conference[.]

Title 28 U.S.C. § 473(b)(5) (emphasis added).

1  **IT IS ORDERED** that the October 6, 2010 settlement conference is hereby
2  **VACATED**.
3  DATED this 27th day of September, 2010.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

- 4 -